IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01399-BNB

ROBERT SCOTT ANDERSON,

    Applicant,

v.

HOYT BRILL, Warden of CCA, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 27 2009

GREGORY C. LANGHAM
                  CLERK

---

ORDER OF DISMISSAL

---

Applicant Robert Scott Anderson is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Anderson initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 7, 2009, Mr. Anderson filed an amended application for a writ of habeas corpus. Mr. Anderson is challenging the validity of his conviction in Jefferson County District Court case number 06CR102.

In an order filed on July 8, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On July 24, 2009, Respondents' Pre-Answer Response was filed in this action. On August 3, 2009, Mr. Anderson filed a reply to Respondents' Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Anderson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Anderson was convicted of aggravated robbery and a related crime of violence count. He entered a guilty plea, and the trial court accepted the guilty plea, on the morning of trial as the parties prepared to commence jury selection. Prior to sentencing, Mr. Anderson filed a motion to withdraw his guilty plea. The trial court denied Mr. Anderson's motion to withdraw his guilty plea and he was sentenced to thirty years in prison. On direct appeal, the Colorado Court of Appeals affirmed the order denying Mr. Anderson's motion to withdraw his guilty plea. *See People v. Anderson*, No. 07CA2246 (Colo. Ct. App. Jan. 29, 2009). On April 20, 2009, the Colorado Supreme Court denied Mr. Anderson's petition for writ of certiorari on direct appeal.

The Court received the instant action for filing on June 5, 2009. Mr. Anderson asserts two claims in the amended application arguing that his federal constitutional rights have been violated. He first claims that his guilty plea was not voluntary, knowing, and intelligent in violation of his right to due process because he was scared that he would not receive a fair trial when he entered the guilty plea. Mr. Anderson alleges in his second claim that he was denied due process because the jury pool included no African-Americans, was not a fair representation of the community, and caused him to be scared. Because these allegations relate to his motivation to plead

2

guilty, the Court construes Mr. Anderson's second claim for relief as another due process claim challenging the voluntary, knowing, and intelligent nature of his guilty plea.

Respondents concede that this action is timely. However, Respondents argue that the action should be dismissed because Mr. Anderson failed to exhaust state remedies for his claims and those claims now are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." **Picard**, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." **Anderson v.**

3

*Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  **See** *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has presented his claims fairly to the state appellate courts and exhausted all available state remedies.  **See** *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Anderson failed to exhaust state remedies because he failed to raise his claims as federal constitutional claims in the Colorado appellate courts.  Based on the Court's review of Mr. Anderson's state court appellate briefs, the Court agrees with Respondents.

Mr. Anderson raised one claim in his appeal to the Colorado Court of Appeals arguing that the trial court abused its discretion when it denied his motion to withdraw his guilty plea.  More specifically, Mr. Anderson argued that the trial court abused its discretion in denying his motion to withdraw his guilty plea because he had presented fair and just reasons to withdraw his guilty plea.  Mr. Anderson's legal argument in support of his claim that the trial court abused its discretion when it denied his motion to withdraw his guilty plea relied almost exclusively on state law.  Mr. Anderson did argue that one of the fair and just reasons that supported his motion to withdraw his guilty plea was the fact that he has a federal constitutional right to a fair and impartial jury and he cited the United States Constitution and federal cases in support of that proposition.

4

However, Mr. Anderson is not claiming in this action that he was denied a fair and impartial jury. Instead, he raises two claims that he was denied due process because his plea was not voluntary, knowing, and intelligent, claims that he did not raise in his state court appellate briefs.

Mr. Anderson cannot exhaust state court remedies by presenting to the state courts a different claim than he raises in federal court. *See Picard*, 404 U.S. at 276. "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." ***Wong v. Money***, 142 F.3d 313, 322 (6th Cir. 1998). Therefore, the Court finds that Mr. Anderson failed to exhaust state remedies for the due process claims he is raising in this action.

Although Mr. Anderson failed to exhaust state remedies, the Court may not dismiss this action for failure to exhaust if Mr. Anderson no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. With limited exceptions that are not applicable to Mr. Anderson's claims, the Colorado Rules of Criminal Procedure bar him from raising a claim in a postconviction motion that could have been raised on direct appeal. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also **People v. Bastardo***, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Anderson's claims are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Anderson's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for a procedural default, Mr. Anderson must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). The Court finds that Mr. Anderson fails to demonstrate any good cause for his state court procedural default.

Mr. Anderson finally argues that a fundamental miscarriage of justice will result if the Court fails to consider his claims. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Furthermore, a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Mr. Anderson first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id*. Mr. Anderson then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Anderson fails to present any new reliable evidence that demonstrates he is actually innocent. Therefore, he fails to demonstrate that a fundamental miscarriage of justice will occur if the Court does not consider his claims.

In summary, the Court finds that Mr. Anderson's claims are procedurally defaulted and Mr. Anderson fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, the claims are procedurally barred and must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed because the claims are procedurally barred.

DATED at Denver, Colorado, this 26 day of Aug., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01399-BNB

Robert Scott Anderson
Prisoner No. 64213
Kit Carson Corr. Center
PO Box 2000 - Unit BA 109
Burlington, CO 80807

Catherine P. Adkisson
Assistant Solicitor General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/27/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk